George M. Kraw (California Bar No. 71551)
gkraw@kraw.com
Katherine McDonough (California Bar No. 241426)
kmcdonough@kraw.com
Jason J. Kennedy (California Bar No. 265391)
jkennedy@kraw.com
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899

Counsel for Plaintiffs:
*Dairy Employees Union Local No. 17 Christian Labor
Association of the United States of America Pension Trust; and
Board of Trustees of the Dairy Employees Union Local No. 17
Christian Labor Association of the United States of America Pension Trust*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (EASTERN DIVISION)

| | |
|---|---|
| DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST; and BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST,<br><br>                     Plaintiffs,<br><br>    v.<br><br>HAAGSMA & PINHEIRO DAIRY, a California general partnership, DAVID | CASE NO.:<br><br>**COMPLAINT**<br><br>**[Collection of Withdrawal Liability Pursuant to ERISA Section 4221(b)(1) (29 U.S.C. § 1401(b)(1))]** |

-1-

COMPLAINT

Case No.:

HAAGSMA, an individual and general partner of HAAGSMA & PINHEIRO DAIRY, and LISA M. HAAGSMA, an individual and general partner of HAAGSMA & PINHEIRO DAIRY,

Defendants.

Plaintiffs, DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST; and BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST, allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for collection of withdrawal liability, interest, and attorneys' fees incurred by an employer as a result of a withdrawal from a multiemployer pension plan, which action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 et seq.

2.      This Court has subject matter jurisdiction over this action under ERISA Sections 502(e), and 4301(c), U.S.C. § 1451(c), and § 1132(e), respectively, as well as 28 U.S.C. §§ 1331 and 1337.

3.      This Court has venue over this action pursuant to ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. § 1132(e)(2) and § 1451(d), because the Dairy Employees Union Local No. 17 Christian Labor Association of the United States of America Pension Trust is administered in this district.

## PARTIES

4.      Plaintiff Dairy Employees Union Local No. 17 Christian Labor Association of the United States of America Pension Trust (hereinafter referred to as

"Pension Fund") is a trust fund established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Pension Fund is an employee benefit plan within the meaning of Section 3(2) and 3(3) of ERISA, 29 U.S.C. § 1002(2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants. The Pension Fund is also a multiemployer pension plan within the meaning of Section 1002(37) of ERISA, 29 U.S.C. § 1002(37).

5.     Plaintiff members of the Board of Trustees of the Dairy Employees Union Local No. 17 Christian Labor Association of the United States of America Pension Trust (hereinafter referred to as "Plaintiff Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6.     The Pension Fund maintains its principal place of business at 10606 Trademark Parkway N., Suite 201 A, Rancho Cucamonga, CA 91730.

7.     Plaintiff Trustees bring this action on behalf of themselves and on behalf of Plan participants and beneficiaries pursuant to Sections 502 and 4301 of ERISA, 29 U.S.C. §§ 1132 and 1451.

8.     HAAGSMA & PINHEIRO DAIRY, a California general partnership (hereinafter referred to as "the Dairy") is an employer in an industry affecting commerce within the meaning of ERISA Sections 3(5), 3(11), and 3(12), 29 U.S.C. § 1002(5), (11), and (12).

9.     Plaintiffs are informed and believe that Defendant DAVID HAAGSMA is a general partner of HAAGSMA & PINHEIRO DAIRY, and as such liable for the debts of Defendant Dairy.

10.     Plaintiffs are informed and believe that Defendant LISA M. HAAGSMA, is a general partner of HAAGSMA & PINHEIRO DAIRY, and as such liable for the debts of Defendant Dairy.

-3-

COMPLAINT

Case No.:

11.     Defendant Dairy was, until around March 2020, signatory to a collective bargaining agreement with the Dairy Employees Union Local 17 requiring contributions to the Pension Fund for the purpose of providing pension and related benefits to employees performing work described in such collective bargaining agreement.

<div align="center">STATEMENT OF CLAIM</div>

**<div align="center">WITHDRAWAL LIABILITY OF DAIRY AND TRADES AND BUSINESSES<br>UNDER COMMON CONTROL</div>**

12.     Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 11 as fully set forth herein.

13.     Defendant Dairy completely withdrew from the Pension Fund in or around March 2020 as described in 29 U.S.C. §1381 et. seq.

14.     As a result of Defendant Dairy's complete withdrawal from the Pension Fund, Defendant Dairy and all trades or business under common control with the Dairy, and all partners of the Diary, are jointly and severally liable for withdrawal liability, as required by the Pension Fund's Restated Pension Plan and Trust Agreement and by ERISA Sections 4001(b)(1) and 4201(a), 29 U.S.C. § 1301(b) and 29 U.S.C. § 1381(a).

15.     The Pension Fund made a determination of the amount of the Dairy's withdrawal liability in compliance with all the statutory requirements of ERISA and the rules of the Pension Fund.  The total withdrawal liability due is $674,911.

16.     By letter dated June 25, 2020, sent via U.S. mail and certified mail, return receipt requested, the Pension Fund duly notified the Dairy of the withdrawal liability determination and informed them that payments of $2,700.00 would be due every March, June, September, and December for 80 quarters, the first payment of which due 60 days after receipt of such notice (the "Withdrawal Liability Assessment"). A true and correct copy of the Withdrawal Liability Assessment is attached hereto as Exhibit A.

COMPLAINT

Case No.:

17.     The Withdrawal Liability Assessment was received by the Dairy on June 29, 2020, making the first payment due on August 28, 2020. However, the Diary failed to make payment as required by the Withdrawal Liability Assessment and under the requirements of ERISA, 29 U.S.C. §1381 et. seq.

18.     By letter dated September 28, 2020, sent via U.S. mail and certified mail, return receipt requested, the Pension Fund provided notice of Defendant Dairy's failure to make the first payment due under the Withdrawal Liability Assessment, in accordance with ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5) (the "Notice of Default"). The Notice of Default specified that if Defendant Dairy failed to cure the missed payment within 60 days, it would be in default and the Plaintiff Trustees would accelerate the withdrawal liability debt so that the entire amount of withdrawal liability would be due and owing. A true and correct copy of the Notice of Default is attached hereto as Exhibit B.

19.     Defendant Dairy received the Notice of Default on October 1, 2020. No payment was received within 60 days of receipt of the Notice of Default.

20.     Defendant Dairy's failure to make the required withdrawal liability payments to the Pension Fund has caused the Diary to be in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

21.     The Diary's default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5) results in the entire withdrawal liability assessment to be due and owing.

22.     The Pension Fund's actuary has calculated that Defendant Diary's full assessment of withdrawal liability is $674,911.

23.     The failure to pay its withdrawal liability subjects an employer to interest, liquidated damages, attorney's fees and costs.

COMPLAINT

Case No.:

24.     By reason of the foregoing, Defendants are indebted to Plaintiffs in the sum of $674,911, plus interest, liquidated damages (or double interest in lieu thereof), attorneys' fees, and costs.

25.     The Dairy has not initiated arbitration with the Pension Fund pursuant to 29 U.S.C. § 1401.

<div align="center">PRAYER FOR RELIEF</div>

WHEREFORE, Plaintiffs ask the Court to award them:

1.     Judgment against the Defendants requiring them to remit the full amount of the withdrawal liability owed by Defendants, in the amount of $674,911.

2.     Interest, liquidated damages (or double interest in lieu thereof), attorneys' fees and costs.

3.     Such other legal and equitable relief as the Court may deem appropriate.


DATED:  January 21, 2021                    Respectfully Submitted,

                                            KRAW LAW GROUP, APC


                                            /s/ Jason J. Kennedy
                                            Jason J. Kennedy (CA Bar No. 265391)

                                            *Counsel for Plaintiffs*

Case No.:                        COMPLAINT

Exhibit A

### *Dairy Employees Union*
### *Pension Trust*
**Local #17**
10606 Trademark Parkway N. Suite 201 A
Rancho Cucamonga, CA 91730
(800) 341-9000 • Fax (909) 980-1084

June 25,2020

Haagsma & Pinheiro Dairy
5021 E. Bear Mountain Blvd.
Bakersfield, CA  93307

Subject:  Final Withdrawal Liability Calculation

Attached is the final withdrawal liability calculation for Haagsma & Pinheiro Dairy.  This
calculation has been based on the February 2020 retirement of your final union employee.

The calculation was provided by the Union's actuary consultant, Nancy Lee.  Questions
regarding the calculation may be directed to her attention.  nlee@venutiassociates.com

Any questions regarding the legal process associated with the withdrawal from the plan may be
directed to the Union's attorney, Lisa Schwantz. lschwantz@kraw.com

As you were not provided this document prior to this date, we have deleted the invoices sent to
you on March 1, 2020 and June 1, 2020.  The next quarterly invoice will be sent September 1,
2020.

Please accept our apologies for the confusion on this matter.

Thank you and kind regards,

Kristy Hurley, Accountant
Morgan & Franz Administrative Services

*Administered by:* **Morgan & Franz Administrative Services**

10606 Trademark Parkway North Ste. 201-A, Rancho Cucamonga, CA 91730

Exhibit A

# VENUTI & ASSOCIATES

ACTUARIES AND BENEFITS CONSULTANTS

March 16, 2020

Board of Trustees
Dairy Employees Union Local #17, Christian Labor Association of the USA
10606 Trademark Parkway North, Suite 201A
Rancho Cucamonga, CA 91730

Re:   Dairy Employees Union Local #17, Christian Labor Association of the USA
      Pension Trust – Withdrawal Liability for Haagsma & Pinheiro

Dear Trustees:

As requested, we have calculated the withdrawal liability for Haagsma & Pinheiro from the Dairy Employees Union Local #17, Christian Labor Association of the USA Pension Trust ("Plan") based on a withdrawal from the Plan during the April 1, 2019 - March 31, 2020 Plan year.

Based on a March 2020 withdrawal date, Haagsma & Pinhero would be assessed withdrawal liability of $674,911. Quarterly payments in the amount of $2,700.00 would be due for 20 years. Withdrawal liability payments are capped at 20 years. As a result, the discounted present value of the payments is $162,414. This amount is less than the amount of withdrawal liability assessed. The remaining amount of $512,497 would be established as a reallocation pool as of March 31, 2020. The present value calculation is based on the March 2019 PBGC interest rate for valuing liabilities due to mass withdrawal of 3.09%. Calculation details are shown in the attached exhibits.

In the event of a mass withdrawal, additional withdrawal liability may be owed.

The allocation method used is the Presumptive Method as described in 29 U.S.C. §1391(b)(1). The presumption under this method is that the UVBL decreases each year by 5% of the original balance. Each year's UVBL is compared to the presumed outstanding balance from previous years. The result is a series of UVBL "pools", each of which is also assumed to decrease by 5% of the original balance each year. The employer is then assigned a proportional share of each year's UVBL pool, with the proportion being equal to the employer's relative share of the total contributions to the Plan for the five years ending with the date associated with each UVBL pool. The sum total of each year's proportional share represents the employer's initial withdrawal liability (not less than zero).

The major assumptions and methods used to calculate the withdrawal liability are described below.

- Liabilities used to determine the UVBL as of March 31, 2019 were calculated by Venuti & Associates and are based on the assumptions, methods, and plan provisions detailed in the April 1, 2019 Actuarial Valuation dated February

5050 El Camino Real, Suite 106 • Los Altos, CA  94022
TEL: 650.960.5700 • 866.661.5700 • FAX: 650.960.5710

## Exhibit A

Board of Trustees
March 16, 2020
Page 2

2020. Data as of April 1, 2019 was provided by Morgan & Franz. Market
Value of Assets as of March 31, 2019 was provided by Frazer, LLP.

▪ Total Plan contributions and employer contribution history were provided by
the administrative office – these contributions may differ from those used by
Mass Mutual.

▪ Previously assessed withdrawal liability was taken from the individual
withdrawal liability calculations prepared by Mass Mutual and Venuti &
Associates.

▪ Uncollectible withdrawal liability amounts have been established as
reallocation pools.

▪ Unfunded vested benefits for withdrawal liability prior to March 31, 2013 as
calculated by Mass Mutual were used.

Under 29 U.S.C. §1301(b), withdrawal liability calculations treat all trades or
businesses under common control as being one employer. If the withdrawing employer is
a member of a controlled group of employers and fails to make the required payments
owed for the withdrawal liability, the other members of the control group may be held
liable for any unpaid amounts.

In my opinion the assumptions used in the letter are reasonable (taking into
account the experience of the Plan and reasonable expectations) and offer my best
estimate, for withdrawal liability purposes, of anticipated experience under the Plan.

If you have any questions please feel free to give me a call. The undersigned
credentialed actuary meets the Qualification Standards of the American Academy of
Actuaries to render the actuarial opinions contained in this letter. I am not aware of any
direct or material indirect financial interest or relationship, including investments or other
services that could create a conflict of interest that would impair the objectivity of our
work.

Sincerely

Nancy Teague Lee
Consulting Actuary

Cc:    Lisa Schwantz
       Mary Jane Weber

Exhibit A
-10-

**Dairy Employees Union Local 17, Christian Labor Association of the USA Pension Trust**
Employer Withdrawal Liability Worksheet for Withdrawals from April 1, 2019 through March 31, 2020

Exhibit I

Employer Name: Haagsma & Pinheiro

| | | Unamortized Balance of Withdrawal Liability Pools | | Contributions During 5-Year Period Ending with Date Pool Established | | | | |
|---|---|---|---|---|---|---|---|---|
| Year Ended March 31 [a] | Unfunded Vested Benefit Liability | Basic Pools | Reallocated Pools | Total Plan Contributions [b] | Contributions for Employers that Ceased to Participate [c] | Total Contributions for Employers Continuing to Participate [(5)-[6]] | Obligated Employer Contributions | Liability Allocated: [(8)/[7]] × [(3)+[4]] |
| (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) |
| 2000 | 3,030,191 | 37,165 | 0 | 913,350 | 526,820 | 386,530 | 45,630 | 4,387 |
| 2001 | 3,243,343 | 37,877 | 0 | 1,018,880 | 583,690 | 435,190 | 49,830 | 4,337 |
| 2002 | 1,433,811 | (243,745) | 0 | 1,142,370 | 659,030 | 483,340 | 53,490 | (26,975) |
| 2003 | 1,926,354 | 119,171 | 0 | 1,247,470 | 728,310 | 519,160 | 55,290 | 12,692 |
| 2004 | 3,808,474 | 503,807 | 0 | 1,314,920 | 756,870 | 558,050 | 53,970 | 48,724 |
| 2005 | 4,741,762 | 350,147 | 0 | 1,330,890 | 755,210 | 575,680 | 51,660 | 31,421 |
| 2006 | 5,807,311 | 475,222 | 0 | 1,321,600 | 744,150 | 577,450 | 46,650 | 38,391 |
| 2007 | 7,172,828 | 690,253 | 117,296 | 1,266,800 | 694,300 | 572,500 | 38,400 | 54,166 |
| 2008 | 7,451,916 | 326,468 | 88,500 | 1,325,050 | 680,500 | 644,550 | 34,350 | 22,115 |
| 2009 | 13,810,976 | 3,420,866 | 0 | 1,504,450 | 726,550 | 777,900 | 33,750 | 148,418 |
| 2010 | 12,426,273 | (307,970) | 169,020 | 1,673,050 | 766,150 | 906,900 | 33,150 | (5,079) |
| 2011 | 11,927,813 | 178,979 | 151,510 | 1,819,950 | 788,400 | 1,031,550 | 34,800 | 11,149 |
| 2012 | 14,026,473 | 1,891,720 | 63,278 | 2,056,050 | 845,790 | 1,210,260 | 37,208 | 60,103 |
| 2013 | 15,019,917 | 1,365,443 | 453,404 | 2,097,400 | 806,010 | 1,291,390 | 36,653 | 51,623 |
| 2014 | 14,446,527 | 361,001 | 109,669 | 1,945,500 | 676,710 | 1,268,790 | 33,653 | 12,484 |
| 2015 | 14,346,592 | 782,505 | 1,279,554 | 1,800,330 | 530,310 | 1,270,020 | 30,653 | 49,769 |
| 2016 | 16,017,203 | 2,378,530 | 0 | 1,649,430 | 400,860 | 1,248,570 | 27,653 | 52,678 |
| 2017 | 14,642,866 | (150,244) | 0 | 1,434,330 | 257,220 | 1,177,110 | 27,045 | (3,452) |
| 2018 | 16,354,616 | 2,796,431 | 0 | 1,295,730 | 167,850 | 1,127,880 | 27,000 | 66,943 |
| 2019 | 15,344,018 | 330,392 | 1,369,353 | 1,232,730 | 113,850 | 1,118,880 | 27,000 | 41,017 |

A. Gross liability: (Sum of Column 9)  674,911
B. De minimis  50,000
C. Deductible: $100,000 + (B) - (A), but not greater than (b) nor less than zero  0
D. Net Withdrawal Liability: (A) - (C), but not less than zero  674,911

[a] Years not shown have no withdrawal liability component. Up to twenty years is possible.
[b] Total Plan Contributions are as reported in the auditor's annual financial statement.
[c] Provided by Fund Office.

VENUTI & ASSOCIATES

March 2020

Exhibit II

March 2020

**Dairy Employees Union Local 17, Christian Labor Association of the USA Pension Trust**
Employer Withdrawal Liability Worksheet for Withdrawals from April 1, 2019 through March 31, 2020

Employer Name:

**Haagsma & Pinheiro**

| Year Ending March 31, | Contributions | Year Ending March 31, | Contributions |
|---|---|---|---|
| 1996 | 7,560.00 | 2008 | 6,000.00 |
| 1997 | 8,190.00 | 2009 | 8,400.00 |
| 1998 | 8,250.00 | 2010 | 8,400.00 |
| 1999 | 10,320.00 | 2011 | 8,400.00 |
| 2000 | 11,310.00 | 2012 | 6,007.50 |
| 2001 | 11,760.00 | 2013 | 5,445.00 |
| 2002 | 11,850.00 | 2014 | 5,400.00 |
| 2003 | 10,050.00 | 2015 | 5,400.00 |
| 2004 | 9,000.00 | 2016 | 5,400.00 |
| 2005 | 9,000.00 | 2017 | 5,400.00 |
| 2006 | 6,750.00 | 2018 | 5,400.00 |
| 2007 | 3,600.00 | 2019 | 5,400.00 |

VENUTI & ASSOCIATES

Exhibit A
-12-

Exhibit III

March 2020

**Dairy Employees Union Local 17, Christian Labor Association of the USA Pension Trust**
Employer Withdrawal Liability Worksheet for Withdrawals from April 1, 2019 through March 31, 2020
Withdrawal Liability Annual Assessment

Employer Name:　　　　**Haagsma & Pinheiro**

| Plan Year Ending March 31, | Contributions | Base Units | 3-Yr Average Base Units | Contribution Rate | Annual Assessment |
|---|---|---|---|---|---|
| 2009 | 8,400.00 | 2.00 | | | |
| 2010 | 8,400.00 | 2.00 | | | |
| 2011 | 8,400.00 | 2.00 | 2.00 | | |
| 2012 | 5,850.00 | 1.08 | 1.69 | | |
| 2013 | 5,400.00 | 1.00 | 1.36 | | |
| 2014 | 5,400.00 | 1.00 | 1.03 | | |
| 2015 | 5,400.00 | 1.00 | 1.00 | | |
| 2016 | 5,400.00 | 1.00 | 1.00 | | |
| 2017 | 5,400.00 | 1.00 | 1.00 | | |
| 2018 | 5,400.00 | 1.00 | 1.00 | | |
| 2019 | 5,400.00 | 1.00 | 1.00 | | |
| Highest | | | 2.00 | 450.00 | $10,800.00 Annual |
| | | | | | $2,700.00 Quarterly |

PV of Quarterly Payments for 20 years at 3.09%　　162,414
Employer's Share of UVB Not assessed due to 20-year limit　　512,497

VENUTI & ASSOCIATES

Exhibit A
-13-

Dairy Workers Union Local 17, Christian Labor Association of the USA Pension Trust

Explanation of Withdrawal Liability Components

Items

(1):     Date of Plan Year ending March 31.

(2):     Excess of the Plan's Vested Benefit Liability over the Market Value of Assets both calculated as of the last day of the Plan Year prior to the year of withdrawal.  Market Value of Assets taken from audited plan financials.  This is called the Unfunded Vested Benefit Liability or UVBL.

(3):     The UVBL is compared to the sum of the unamortized balances of the previous years' basic pools to determine the change in UVBL, creating a new basic pool each year. The basic pools are written down by 5% each year.

(4):     Reallocated pools are the withdrawal liability amounts that were not assessable or not reasonably expected to be collected from prior withdrawn employers. The reallocated pools are written down 5% each year.

(5):     Total contributions made by all participating employers in the Plan each year for the past 5 Plan Years. Contributions taken from audited plan financials.

(6):     Contributions made by employers who previously withdrew from the Plan each year for the past 5 Plan Years.

(7):     Net employer contributions used in withdrawal liability calculation, all employers net of previously withdrawn employers; (5) – (6)

(8):     Contributions made by withdrawing employer each year for the past 5 Plan Years.

(9):     Employer's proportion of unamortized balance of basic pools; ((8)/(7)) x ((3) + (4))

(A):     Employer's share of UVBL – Preliminary Employer withdrawal liability; Total of column (9)

(B):     De Minimus: Lesser of $50,000 and 0.75% of Plan's Unfunded Vested Benefit Liability.

(C):     Deductible:  Amount calculated in (B) eligible to offset the preliminary withdrawal liability amount in (A). De Minimus reduced dollar for dollar by the Employer's share of UVBL (A) in excess of $100,000. No De Minimus reduction if Employer's share of UVBL exceeds $150,000.

(D):     Final withdrawal liability assessed to Employer; (A) – (C)

The yearly withdrawal payment is calculated as the product of the highest 3-year average number of contribution base units (months the employer was required to contribute to the Plan on behalf of their employees) multiplied by the highest contribution rate paid by the employer.  Both amounts look at the last 10 years the employer contributed.  Withdrawal liability payments are payable quarterly and are limited to 20 years of payments.

Exhibit A

yees Union 17
mark Pkwy N.

monga, CA 91730

**Hasler**
06/26/2020
US POSTAGE $007.10⁰



ZIP 91730
011D10651067

Haagsma & Pinheiro Dairy
5021 E. Bear Mountain Blvd.
Bakersfield, CA  93307

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Haagsma + Pinheiro Dairy
5021 E. Bear Mountain Bl
Bakersfield, CA 93307

9590 9402 1766 6074 6129 21

2. Article Number (Transfer from service label)

7018 0360 0002 1449 4401

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X mc cw19  R06O   ☑ Agent
mc cw19            ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
mc cw19                             10/2/20

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7630-02-000-9053         Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$ 3.55

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ 2.85
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ .70

Total Postage and Fees
$ 7.10

Sent To
Haagsma + Pinheiro Dairy
Street and Apt. No., or PO Box No.
5021 E Bear Mountain Blvd
City, State, ZIP+4®
Bakersfield, CA 93307

7018 0360 0002 1449 4401

CERTIFIED MAIL

Exhibit A

-15-

Exhibit B

**Dairy Employees Union**
**Local #17**
**Pension Plan**
Phone: (909) 980-1194
Fax: (909) 980-1084

September 28, 2020

Via U.S. Mail and Certified Mail, Return Receipt Requested

Haagsma & Pinhero
5901 E Bear Mountain Blvd.
Bakersfield, CA 93307

Re:   Dairy Employees Union Local 17, Christian Labor Association Pension Trust
      Notice of Withdrawal Liability

Dear Sir or Madame:

You were previously sent a withdrawal liability notice on June 26, 2020.  Pursuant to this notice you were advised that your withdrawal liability to the above-named Pension Fund was calculated to be $ 674,911.

The notice advised that a payment of $ 2,700.00 was due within 60 days of your receiving the withdrawal liability notice and the remaining quarterly withdrawal liability payments would be due by the end of September, December, March, and June of each year for (80) quarters.

Trust Fund records indicate that you received the withdrawal liability notice on June 29, 2020, as a result your initial payment was due on August 28, 2020.  In addition, Trust Fund records indicate you did not make the initial installment payment that was due within 60 days of receipt of the withdrawal liability notice.  Under ERISA section 4219(c)(5), 29 U.S.C. §1399(c)(5), failure to make any payment, when due, may result in default, which will entitle the Fund to require immediate payment of the full amount of withdrawal liability owed.

The Board of Trustees hereby requests that all payments past due be immediately paid.  The total sum presently due is $2,700.  If you fail to cure this delinquency within 60 days of receiving this demand, the Board of Trustees may elect to require immediate payment of the full amount of withdrawal liability currently owing.  **Please take note, in addition to making the delinquent initial payment of $2,700 (due within 60 days of receipt of this letter), your next quarterly installment payment remains due by the end of September 2020 and all remaining payments thereafter are due in accordance with the payment schedule previously set in the June 26, 2020 withdrawal liability notice.**

**Morgan & Franz Administration Inc**
**10606 Trademark Parkway North Ste. 201A Rancho Cucamonga, CA 91730**

Exhibit B
-17-

**Dairy Employees Union
Local #17
Pension Plan**
Phone: (909) 980-1194
Fax: (909) 980-1084

Thank you in advance for your anticipated cooperation in this matter. Please contact me if you have any questions.

Sincerely,

Kristy Hurley, Fund Office
On behalf of the Board of Trustees

Cc:     Legal Counsel

Morgan & Franz Administration Inc
10606 Trademark Parkway North Ste. 201A Rancho Cucamonga, CA 91730

Exhibit B
-18-





Haagsma & Pinhero
5901 E Bear Mountain Blvd.
Bakersfield, CA 93307



Exhibit B



Exhibit B

-20-