George M. Kraw (SBN 71551)
gkraw@kraw.com
Katherine McDonough (SBN 241426)
kmcdonough@kraw.com
Jason J. Kennedy (SBN 265391)
jkennedy@kraw.com
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899

Counsel for Plaintiffs:
*Dairy Employees Union Local No. 17*
*Christian Labor Association of the United*
*States of America Pension Trust; and*
*Board of Trustees of the Dairy Employees*
*Union Local No. 17 Christian Labor*
*Association of the United States of America*
*Pension Trust*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

(EASTERN DIVISION)

| | |
|---|---|
| DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST; and BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST,<br><br>                    Plaintiffs,<br>     v.<br><br>HAAGSMA & PINHEIRO DAIRY, a | CASE NO.: 5:21-CV-00116-JGB (KK)<br><br>**STIPULATION TO DISMISS AND REQUEST TO RETAIN JURISDICTION; STIPULATION FOR ENTRY OF JUDGMENT**<br><br>[Complaint Filed:  01/21/21]<br><br>Judge: Hon. Jesus G. Bernal |

California general partnership, DAVID HAAGSMA, an individual and general partner of HAAGSMA & PINHEIRO DAIRY, and LISA M. HAAGSMA, an individual and general partner of HAAGSMA & PINHEIRO DAIRY,

Defendants.

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST; and BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST ("Plaintiffs"), and Defendants HAAGSMA & PINHEIRO DAIRY, a California general partnership, DAVID HAAGSMA, an individual and general partner of HAAGSMA & PINHEIRO DAIRY, and LISA M. HAAGSMA, an individual and general partner of HAAGSMA & PINHEIRO DAIRY("Defendants" and jointly with Plaintiffs, the "Parties"):

(1)  That this Court dismiss the above-captioned action pursuant to Federal Rule of Civil Procedure 41.

(2)  That the Parties respectfully request this Court retain jurisdiction to enforce the Settlement Agreement that is attached hereto as Exhibit A, and that the Settlement Agreement be incorporated by reference into the Court's Order of Dismissal.

(3)  That if Defendants default on the terms of the Settlement Agreement, Defendants may cure such default within thirty (30) calendar days of written notice of default. However, if the alleged default is not cured within the period specified in this paragraph, then:

     a.    Upon the filing of an Application for Judgment, along with a declaration of a duly authorized representative of Plaintiffs stating that default has occurred hereunder, Judgment shall immediately be entered against Defendants for $856,827.81 less any payments made by Defendants under the Settlement Agreement, plus interest at the rate of ten percent (10%) per annum;

     b.    Defendants hereby waive any right to file a responsive pleading or any form of objection with reference to the Application for Judgment provided in herein except for proof of payment pursuant to the Settlement Agreement, or claim of offset occurring since the executing of this agreement. Defendants expressly waive all rights to a stay of execution. Judgment shall be entered by a magistrate or a judge without the necessity of a noticed motion.

     c.    Plaintiffs agree that so long as Defendants comply with the obligations set forth in the Settlement Agreement and each of them, Plaintiffs will not take action herein against Defendants or seek the remedies set forth in this paragraph.

DATED: December 23, 2021        Respectfully Submitted,

KRAW LAW GROUP, APC

/s/ Jason J. Kennedy
Jason J. Kennedy (CA Bar No. 265391)
*Counsel for Plaintiffs*

KLEIN, DENATALE, GOLDNER

/s/ *J.L. Rosenlieb*
J.L. Rosenlieb, (CA Bar No. 109737
*Counsel for Defendants*

| | |
|---|---|
| 1 | <u>ATTESTATION</u> |
| 2 | I, Jason J. Kennedy, attest that J.L. Rosenlieb, attorney for the Defendants, |
| 3 | Haagsma & Pinheiro Dairy, David Haagsma, and Lisa M. Haagsma, has read and |
| 4 | approved the foregoing STIPULATION TO DISMISS AND REQUEST TO RETAIN |
| 5 | JURISDICTION; STIPULATION FOR ENTRY OF JUDGMENT, and has consented |
| 6 | to its filing in this action. |

                    <u>/s/ Jason J. Kennedy</u>
                    Jason J. Kennedy



Exhibit A - 5
Case No.: 5:21-CV-00116-JGB (KK)

## SETTLEMENT AGREEMENT and MUTUAL RELEASE

This Settlement Agreement ("Agreement"), is entered into by and between DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST; and BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST, on the one hand (together "Pension Fund") and HAAGSMA & PINHEIRO DAIRY, DAVID HAAGSMA, an individual and general partner of HAAGSMA & PINHEIRO DAIRY, and LISA M. HAAGSMA, an individual and general partner of HAAGSMA & PINHEIRO DAIRY (together the "Dairy") on the other. The parties to this Agreement shall be referred to either as a "Party" or, collectively, "Parties." This Settlement Agreement shall be effective as of the date of full execution of the Agreement ("Effective Date").

### I. GENERAL RECITALS

This Agreement is made for the following purpose and with reference to the following facts:

1.1 The Dairy Employees Union Local No. 17 Christian Labor Association of the United States of America Pension Trust is a trust fund established and maintained pursuant to the Labor Management Relations Act of 1947, and ERISA.

1.2 The Dairy was, until around March 2020, signatory to a collective bargaining agreement with the Dairy Employees Union Local 17 requiring contributions to the Pension Fund for the purpose of providing pension and related benefits to employees performing work described in such collective bargaining agreement.

1.3 Defendant Dairy completely withdrew from the Pension Fund in or around March 2020 as described in 29 U.S.C. §1381 et. seq. Thereafter, the Pension Fund determined the amount of the Dairy's withdrawal liability in compliance with all the statutory requirements of ERISA and the rules of the Pension Fund. The total withdrawal liability due was $674,911.

1.4 By letter dated June 25, 2020, sent via U.S. mail and certified mail, return receipt requested, the Pension Fund duly notified the Dairy of the withdrawal liability determination and informed them that payments of $2,700.00 would be due every March, June, September, and December for 80 quarters, the first payment of which due 60 days after receipt of such notice (the "Withdrawal Liability Assessment").

1.5 The Withdrawal Liability Assessment was received by the Dairy on June 29, 2020, making the first payment due on August 28, 2020. However, the Diary failed to make payment as required by the Withdrawal Liability Assessment and under the requirements of ERISA, 29 U.S.C. §1381 et. seq.

1.6 By letter dated September 28, 2020, sent via U.S. mail and certified mail, return receipt requested, the Pension Fund provided notice of Defendant Dairy's failure to make the first payment due under the Withdrawal Liability Assessment, in accordance with ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5) (the "Notice of Default"). The Notice of Default specified that if Defendant Dairy failed to cure the missed payment within 60 days, it would be in default and

1

Exhibit A - 6

the Plaintiff Trustees would accelerate the withdrawal liability debt so that the entire amount of withdrawal liability would be due and owing.

     1.7    Defendant Dairy received the Notice of Default on October 1, 2020. No payment was received within 60 days of receipt of the Notice of Default.

     1.8    The Pension Fund alleges that the Dairy's failure to make the required withdrawal liability payments to the Pension Fund has caused the Diary to be in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

     1.9    The Dairy has not initiated arbitration with the Pension Fund pursuant to 29 U.S.C. § 1401.

     1.10    The Pension Fund's actuary calculated the Diary's full assessment of withdrawal liability as $674,911. Additionally, the Pension Fund has assessed interest in the amount of $21,934.61, liquidated damages in the amount of $134,982.20, and attorney's fees and costs of approximately $25,000. This brings the total allegedly due to $856,827.81.

     1.11    On January 21, 2021, the Pension Fund initiated suit against the Dairy in the United States District Court, Central District of California, Case No.5:21-cv-00116-JBG-KK (the "Action").

     NOW, WHEREAS the Parties wish to resolve these matters without further litigation, the Parties, for good and valuable consideration, mutually agree as follows:

## II.   TERMS OF AGREEMENT

     2.1    **Terms of Settlement Agreement Payment**. As consideration for the execution of this Agreement, and in full and final settlement of all claims arising out of the General Recitals ("Recitals"), the Dairy agrees and promises to pay the sum total of $550,000.00 as described in paragraph 2.2 below.

     2.2    **Schedule of Payments.** The Schedule of Payments required under this Agreement are as follows:

        a.    Initial Payment. The initial payment amount of $27,500.00 shall be paid within five (5) days of the Effective Date of this Agreement.

        b.    Installments. Thereafter, beginning on January 1, 2022, and continuing of the first day of each fiscal quarter (January 1, April 1, July 1, and October 1) through July 1, 2026, the Diary will make a payment of $27,500.00. Advance payment of any payment specified in the immediately preceding sentence shall not advance the due date of any subsequent payment. For the avoidance of doubt and by way of example, in the event that Borrower elects to pay $55,000 in any one fiscal quarter, no payment shall be due in the next following fiscal quarter.

  c. <u>No Prepayment Discount:</u>  As set forth in the Amortization Table attached hereto as Exhibit A, the total beginning balance on this Agreement shall be $506,934.81, and interest shall accrue on this balance at the rate of 3.5%. However, the total due to be paid on this agreement shall be $550,000, and no prepayment discount will be provided upon payoff before July 1, 2026.

 2.3 **Address for Payment.**  Except in the event of Default, described in provision below, the Dairy shall timely make all payments required under this Agreement, to the following address:

> Dairy Employees Union Local No. 17 Christian Labor Association of the United States of America Pension Trust U.A. Local 343 Trust Funds c/o
> Kristy Hurley, Morgan & Franz
> 10606 Trademark Pkwy North, Suite 210A
> Ranch Cucamonga, CA 91730

 2.4 **Stipulated Judgment**.  As part of the terms and obligations of this Agreement, Haagsma & Pinheiro Dairy, David Haagsma, and Lisa M. Haagsma agree to the filing of the STIPULATION TO DISMISS AND REQUEST TO RETAIN JURISDICTION; STIPULATION FOR ENTRY OF JUDGMENT ("Stipulated Judgment") against themselves, and each of them, in the Action. Pursuant to that Stipulated Judgment, if the Dairy Defaults on the terms of this Agreement pursuant to paragraph 2.6 of this Agreement, the Diary may cure such default within thirty (30) calendar days of written notice of Default. However, if the alleged Default is not cured pursuant to paragraph 2.6, then:

  a. Upon the filing of an Application for Judgment, along with a declaration of a duly authorized representative of Plaintiffs stating that default has occurred hereunder, Judgment shall immediately be entered against Defendants for $856,827.81 less any payments made by Defendants under the Settlement Agreement, plus interest at the rate of ten percent (10%) per annum;

  b. Defendant hereby waives any right to file a responsive pleading or any form of objection with reference to the Application for Judgment provided in herein except for proof of payment or claim of offset occurring since the executing of this agreement, and expressly waives all rights to a stay of execution. Judgment shall be entered by a magistrate or a judge without the necessity of a noticed motion.

  c. Plaintiffs agree that so long as Defendant complies with the obligations set forth in the Settlement Agreement and each of them, Plaintiffs will not take action herein against Defendant or seek the remedies set forth in this paragraph.

 The Stipulated Judgment shall acknowledge and accept complete liability for the amounts heretofore described under the Schedule of Payments including any installment balance remaining.

 2.5 **Deed of Trust and Promissory Note.**  As part of the terms and obligations of this Agreement, **Lisa M. Haagsma, Trustee of the Haagsma Family Trust** agrees to sign and record a Deed of Trust and Promissory Note in the amount of $550,000 on real property located at **2706**

Oakley Steet, Bakersfield, CA. If the Dairy Defaults on the terms of this Agreement pursuant to paragraph 2.6, the Diary may cure such default within thirty (30) calendar days of written notice of Default. However, if the alleged Default is not cured pursuant to paragraph 2.6, then the Diary may exercise all rights and privileges under the Deed of Trust and Promissory Note, including nonjudicial foreclosure of the subject property. Subject to the consent of Pension Fund, Dairy may substitute real or personal property for 2706 Oakley Street, Bakersfield, CA, if said substitute property is reasonably believed by the Pension Fund to have sufficient equity to cover the remaining balance on this Agreement at the time of substitution.

2.6    **Acceleration in the Event of Default**. If the Dairy fails to comply with any of the terms in this agreement, the Diary shall be considered in default of this Agreement (the "Default"). Upon written notice of the Default, the Party shall have thirty (30) days in which to cure the Default, unless otherwise noted elsewhere in this Agreement. Should the Dairy fail to cure the Default, the full amount remaining due under this Settlement Agreement shall immediately become due and payable in full ("Acceleration").

After Acceleration, at the option and within the sole discretion of the Pension Fund, the Benefit Plans may file the Stipulated Judgment with the U.S. District Court, Central District of California, providing the conditions listed in paragraph 2.4 have been satisfied. Additionally, the Pension Fund may exercise all rights and privileges under the Deed of Trust and Promissory Note, including nonjudicial foreclosure of the subject property, as specified in paragraph 2.5.

The Pension Fund's option to engage in Acceleration shall not be affected by the Pension Fund's acceptance of any late installment(s), and such acceptance shall not constitute a waiver of the Acceleration or of the Party's right to immediately institute legal proceedings for the full balance of the indebtedness.

2.7    **Tolling of Statute of Limitations**. The parties intend to enter a stipulated notice of dismissal in the Action. Any applicable statute of limitations (or similar timeliness defenses such as laches) shall be tolled from the date the stipulated notice of dismissal is filed until all payments are made under the Schedule of Payments or a Stipulated Judgment is filed in accordance with paragraph

2.8    **Retaining of Jurisdiction:** The Parties wish to resolve this matter without further litigation but Plaintiffs do not wish to dismiss the Action without assurances that the Court will retain jurisdiction to assure the compliance with the provisions of this Agreement. Therefore, the Parties agree to execute a Stipulation for Dismissal and Request to Retain Jurisdiction on the condition that the Court retains jurisdiction over the Action to ensure compliance with this Agreement.

2.9    **Attorneys' Fees**. Each Party hereto shall bear its own attorneys' fees and costs arising from the actions of its own counsel in connection with the General Recitals and this Agreement and incurred prior to the date of execution of the Agreement. In any action of any kind relating to the enforcement of this Agreement, the prevailing party shall be entitled to collect reasonable attorneys' fees and costs from the non-prevailing party in addition to any other recovery to which the prevailing party is entitled.

2.10 **Authority to Execute**. The person(s) executing this document on behalf of each Party represents and warrants that he or she is competent and duly authorized to execute this Agreement.

2.11 **Binding on Successors**. The provisions of this Agreement shall be deemed to obligate, extend to, and inure to the benefit of each Party, and their respective trustees, predecessors, successors, assigns, subsequent trust funds, purchasers, managing agents, partners, partnerships, officers, directors, affiliated and related entities, attorneys, insurance carriers, agents, shareholders, employees, representatives, and all related persons, firms, associations, companies, and/or corporations.

2.12 **Severance**. If any provision of this Agreement is held to be illegal or invalid by a court of competent jurisdiction, such provision shall be deemed to be severed and deleted; and neither such provision, nor its severance and deletion, shall affect the validity of the remaining provisions.

2.13 **Integration**. This Agreement is entered into by each Party without reliance upon any statement, representation, promise, inducement, or agreement not expressly contained herein. This Settlement Agreement ,and related papers, constitutes the entire agreement between the Parties concerning aforesaid settlement and release of claims.

2.14 **Negotiated Transaction**. Each of the Parties has participated in the drafting and negotiation of this Agreement. Accordingly, for all purposes, this Settlement Agreement shall be deemed to have been drafted jointly by the Parties.

2.15 **Counterparts**. This Settlement Agreement may be executed in any number of copies, each of which shall be deemed to be a counterpart original.

2.16 **Time is of the Essence**. Time is expressly declared to be of the essence in connection with regards to the Parties' obligations as set forth above.

2.17 **Modifications**. This Agreement may not be modified or amended except by a written instrument executed by the Parties.

2.18 **Governing Law**. This Agreement shall be governed and construed in accordance with applicable federal laws including the Employee Retirement Income Security Act of 1974 and, in all aspects not pre-empted by federal law, by the laws of the State of California.

### III.   RELEASE

In consideration of the payments made pursuant to paragraph 2.2, Schedule of Payments, and once such payments are made in full, and in consideration of the other promises and covenants set forth herein, the Parties mutually release and forever discharge one another, and all of their respective predecessors, trustees, successors, assigns, parents, subsidiaries, divisions affiliated and related entities, officers, directors, members, employees, shareholders, agents, partners, attorneys, insurance carriers and all persons acting by or through them or on their behalf or in concert with them, from any and all claims, counterclaims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, expenses, attorneys' fees, damages, judgments,

orders and liabilities of whatever kind or nature in law, equity or otherwise, except as otherwise provided for in this herein Agreement, that arise from or relate to the Action and/or the Recitals above.

Further, the parties intend that the foregoing release in this Agreement shall be effective as a bar to each and every claim, demand, cause of action, obligation or liability related in any way to the Recitals. With respect to unknown or unanticipated claims, related to the Recitals, that arise prior to the effective date of this Agreement, each Party hereby knowingly, voluntarily and expressly waive any and all rights, benefits and protections otherwise conferred by California Civil Code section 1542, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY.**

IN WITNESS WHEREOF, THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ, UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS SET FORTH IN THIS SETTLEMENT AGREEMENT, AND HAVE AUTHORITY TO EXECUTE THIS SETTLEMENT AGREEMENT.

Dated: October ___, 2021

DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST; AND BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST

_____
By: Management Trustee

_____
By: Labor Trustee

Dated: ~~October~~ November 19 ___, 2021

HAAGSMA & PINHEIRO DAIRY

*/s/ Lisa Haagsma*
By: Lisa Haagsma, individually and as a Partner of HAAGSMA & PINHEIRO DAIRY

*/s/ David Haagsma*
By: David Haagsma, individually and as a Partner of HAAGSMA & PINHEIRO DAIRY

orders and liabilities of whatever kind or nature in law, equity or otherwise, except as otherwise provided for in this herein Agreement, that arise from or relate to the Action and/or the Recitals above.

Further, the parties intend that the foregoing release in this Agreement shall be effective as a bar to each and every claim, demand, cause of action, obligation or liability related in any way to the Recitals. With respect to unknown or unanticipated claims, related to the Recitals, that arise prior to the effective date of this Agreement, each Party hereby knowingly, voluntarily and expressly waive any and all rights, benefits and protections otherwise conferred by California Civil Code section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY.

IN WITNESS WHEREOF, THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ, UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS SET FORTH IN THIS SETTLEMENT AGREEMENT, AND HAVE AUTHORITY TO EXECUTE THIS SETTLEMENT AGREEMENT.

Dated: November 25, 2021

DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST; AND BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST

By: _____ Management Trustee

By: _____ Labor Trustee

Dated: November 19, 2021

HAAGSMA & PINHEIRO DAIRY

By: Lisa Haagsma, individually and as a Partner of HAAGSMA & PINHEIRO DAIRY

By: David Haagsma, individually and as a Partner of HAAGSMA & PINHEIRO DAIRY

6

Exhibit A - 12